## CLICK-TO-CALL TECHNOLOGIES, LP, Appellant

v.

## ORACLE CORPORATION, Oracle OTC Subsidiary, LLC, Ingenio, Inc., Yellowpages.com, LLC, Appellees

Joseph Matal, Performing the Functions and Duties of the Under Secretary of Commerce for Intellectual Property and Director, U.S. Patent and Trademark Office, Intervenor

2015-1242

United States Court of Appeals, Federal Circuit.

January 19, 2018

Peter J. Ayers, Attorney, Law Office of Peter J. Ayers, Austin, TX, for Appellant

Mark D. Fowler, Esq., Attorney, DLA Piper US LLP, East Palo Alto, CA, John Guaragna, DLA Piper US LLP, Austin, TX, James Martin Heintz, Attorney, DLA Piper US LLP, Reston, VA, Stanley Joseph Panikowski, III, DLA Piper LLP (US), San Diego, CA, for Appellees Oracle Corporation, Oracle OTC Subsidiary, LLC

Mitchell G. Stockwell, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, for Appellee Ingenio, Inc.

Mitchell G. Stockwell, David Clay Holloway, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, for Appellee Yellowpages.com, LLC

* The Honorable Leonard P. Stark, Chief District Judge, United States District Court for

·Nathan K. Kelley, Solicitor, Sarah E. Craven, Mary L. Kelly, Ph.D., Molly R. Silfen, Associate Solicitors, Thomas W. Krause, Esq., Deputy Solicitor, Scott Weidenfeller, United States Patent and Trademark Office, Office of the Solicitor, Alexandria, VA, for Intervenor

Before O'Malley and Taranto, Circuit Judges, and Stark, District Judge *.

## ON PETITION FOR PANEL REHEARING

## ORDER

Per Curiam.

Appellant Click-to-Call Technologies, LP ("CTC") filed a petition for rehearing en banc, in which it seeks two forms of relief. First, it asks the court to vacate the panel's November 17, 2016 opinion dismissing CTC's appeal for lack of jurisdiction. *See Click-to-Call Techs., LP v. Oracle Corp.*, No. 2015-1242, 2016 WL 6803054 (Fed. Cir. Nov. 17, 2016). Second, CTC asks the court to rehear its appeal, which centers on CTC's contention that the Patent Trial and Appeal Board ("the Board") erred in determining that inter partes review proceeding IPR2013-00312 was not barred by 35 U.S.C. § 315(b). The petition therefore requests relief that can be granted by the panel that heard the appeal. *See* Fed. Cir. R. 35 Practice Notes.

The panel determines that rehearing of CTC's appeal is warranted in light of this court's en banc opinion in *Wi-Fi One, LLC v. Broadcom Corp.*, 878 F.3d 1364 (Fed. Cir. 2018) (en banc). Upon consideration thereof,

It Is Ordered That:

(1) The petition for rehearing en banc filed by Appellant is construed as a peti-

the District of Delaware, sitting by designation.

tion for panel rehearing, which the panel grants.

(2) The court's opinion in *Click-to-Call Technologies, LP v. Oracle Corp.*, No. 2015-1242, 2016 WL 6803054 (Fed. Cir. Nov. 17, 2016) is vacated, and the appeal is reinstated.

(3) Appellant, Appellees Oracle Corporation, Oracle OTC Subsidiary, LLC, Ingenio, Inc., and Yellowpages.com, LLC (together, "Appellees"), and Intervenor the Director of the United States Patent and Trademark Office ("Intervenor"), may file supplemental briefs, which shall be limited to addressing the merits of the Board's compliance with § 315(b) in this case, and shall further be limited to addressing developments that have occurred after the date on which Appellant filed its opening appeal brief.

(4) All supplemental briefs shall be electronically filed in the ECF system, and six paper copies of each brief shall be filed with the court. Two paper copies of all filings shall be served on counsel for all other parties. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32, with the exception that no brief may contain more than 7,000 words.

(5) Appellant's supplemental brief must be filed by Monday, February 5, 2018. Appellees' joint supplemental brief must be filed by Wednesday, February 21, 2018. Intervenor's supplemental brief must be filed by Monday, March 5, 2018. No other briefs shall be filed.

(6) The appeal will be heard on the basis of the parties' appeal briefs, the supplemental briefs ordered herein, and, if necessary, oral argument.